# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**CHRISTOPHER DUFRENE (#102405)**            **CIVIL ACTION**

**VERSUS**

**MRS. BEEN**            **NO. 16-0049-SDD-EWD**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on April 24, 2017.

                                                                    **ERIN WILDER-DOOMES**
                                                                    **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHRISTOPHER DUFRENE (#102405)           CIVIL ACTION

VERSUS

MRS. BEEN           NO. 16-0049-SDD-EWD

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

*Pro se* plaintiff, an inmate confined at the Elayn Hunt Correctional Center ("EHCC"), St. Gabriel, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against EHCC Dietician Mrs. Been, complaining that Defendant violated his constitutional rights in March, 2015 by not providing him with Kool-Aid and Jello at his meals whereas inmates housed at another location within the facility were allegedly being provided with Kool-Aid and Jello. Plaintiff asserts that he was only provided with water to drink and so was not getting a "full course meal" as mandated by prison rules. He prays for injunctive relief in the form of an Order compelling Defendant to provide him with Kool-Aid and Jello "and a full course meal."

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995). A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id.* at 32-33. A claim has no arguable basis in law if it is based upon

an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations. *Denton v. Hernandez, supra*, 504 U.S. at 32. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915. *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A § 1915 dismissal may be made at any time, before or after service of process and before or after an answer is filed. *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

Plaintiff's Complaint fails to state a claim cognizable under 42 U.S.C. § 1983, which statute provides for a private right of action against any person who, acting under color of state law, deprives an individual of rights, privileges, or immunities secured by the Constitution or laws of the United States. Plaintiff's allegations fail to suggest that he has been denied any such constitutional right.

Plaintiff's claim regarding alleged deficiencies in the meals provided to him implicates his right under the Eighth Amendment to the United States Constitution to be free from cruel and unusual punishment in the form of unconstitutional conditions of confinement. In this regard, the prohibition against cruel and unusual punishment requires that prisoners be afforded humane conditions of confinement and that they receive adequate food, shelter, clothing and medical care. *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001). *See also Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (reiterating that "[t]he Constitution does not mandate comfortable prisons ... but neither does it permit inhumane ones"). A constitutional violation occurs only when two requirements are met. First, there is the objective requirement that the condition must be "so serious as to deprive prisoners of the minimal civilized measure of life's necessities, as when it

denies the prisoner some basic human need." *Harper v. Showers, supra*, 174 F.3d at 720, *citing Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995). Second, under a subjective standard, the Court must determine that the prison official responsible for the deprivation had a "sufficiently culpable state of mind -- that is, the official must have been deliberately indifferent to the prisoner's health or safety." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013), *citing Palmer v. Johnson*, 193 F.3d 346, 351-52 (5th Cir. 2008). *See also Farmer v. Brennan,* 511 U.S. 825, 837 (1994). Mere negligence is not a basis for liability under § 1983. *Hernandez ex rel. Hernandez v. Texas Dept. of Protective and Regulatory Services*, 380 F.3d 872, 882-83 (5th Cir. 2004); *Conner v. Travis County*, 209 F.3d 794, 796 (5th Cir. 2000). In applying this standard, the determinative question is whether the defendant prison official subjectively knew that an inmate claimant faced a substantial risk of serious harm, yet disregarded that risk by failing to take reasonable steps to abate it. *See Adames v. Perez*, 331 F.3d 508, 512 (5th Cir. 2003), *citing Farmer v. Brennan, supra*, 511 U.S. at 847.

The Supreme Court has made clear that the standards against which a court measures prison conditions are "the evolving standards of decency that mark the progress of a maturing society." *Gates v. Cook,* 376 F.3d 323, 332-33 (5th Cir. 2004), *citing Estelle v. Gamble,* 429 U.S. 97, 102 (1976). To the extent that such conditions may be restrictive or even harsh, they are part of the penalty that criminal offenders pay for their offenses against society. *Hernandez v. Velasquez*, 522 F.3d 556, 560 (5th Cir. 2008), *citing Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Some conditions of confinement may establish an Eighth Amendment violation "in combination" when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need. *Gates v. Cook*, *supra,* 376 F.3d at 333 (5th Cir. 2004), *citing Wilson v. Seiter,* 501 U.S. 294 (1991). Nothing so amorphous as "overall conditions" can rise to the level of cruel and unusual punishment when no specific deprivation of a single

human need exists. *Wilkerson v. Stalder*, 639 F. Supp. 2d 654, 679 (M.D. La. 2007), *citing Wilson v. Seiter, supra* 501 U.S. at 305.

Applying the foregoing standard, the Court concludes that Plaintiff will be unable to prevail in connection with this claim. Clearly, an alleged failure to provide Plaintiff with Kool-Aid instead of water and a failure to provide Jello as a dessert with his meal(s) does not amount to the deprivation of a single human need. *See, e.g. McCullers v. Cox*, 2010 WL 2076730, *4-5 (W.D. La. April 29, 2010) (rejecting as "manifestly frivolous" a prisoner's claim that he was served water with his meals instead of an alternative beverage); *Hyman v. Nassau County Correctional Facility*, 2013 WL 182816, *4 (E.D. N.Y. Jan. 15, 2013) (same as to an inmate's claim that he was not provided with dessert: "Absent religious or medically peculiar circumstances, a prisoner does not have a right to a specialized diet while incarcerated …. [and] mere disagreement with the portions and contents of the meals provided to inmates … does not rise to the level of a constitutional deprivation"); *Cates v. DeShambo*, 2006 WL 1208008, *3 (W.D. Mich. May 4, 2006) (same as to an inmate's claim that he was not provided with dessert in administrative segregation whereas inmates housed in the general population were served dessert, noting that an inmate's meals "need not be tasty or aesthetically pleasing … [and] Plaintiff enjoys no constitutional or state-created right to receive specified menu items"). In the instant case, Plaintiff does not allege that he has suffered any harm as a result of the meals that he has been provided, and the Court does not interpret Plaintiff's conclusory allegations as sufficient to assert that Defendant Been has failed to provide him with nutritionally adequate meals.[1] Further, whereas Plaintiff asserts that prison

---

1   There is some ambiguity in Plaintiff's allegations because he makes a conclusory assertion that he and other inmates were "not geting [sic] nothing at all" at mealtime. Notwithstanding, inasmuch as Plaintiff only refers specifically to an alleged failure to provide him with Kool-Aid and Jello, the Court does not interpret this ambiguity as asserting that Defendant was not otherwise providing Plaintiff and other inmates with nutritionally adequate meals. The entirety of Plaintiff's Complaint reads as follows:

rules mandate that he be provided with "full course" meals and whereas he apparently equates this requirement with the need to provide him with Kool-Aid and a dessert with his meals, the Court is not persuaded by this assertion and, in any event, a mere failure to comply with prison rules, without more, does not amount to a constitutional violation. *Stanley v. Foster*, 464 F.3d 565, 569 (5th Cir. 2006), *citing Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996); *Jackson v. Cain*, 864 F.2d 1235, 1253 (5th Cir. 1989). Accordingly, based upon Plaintiff's conclusory allegations regarding what appears to be a minor deprivation in fact, the Court finds that this claim is frivolous as a matter of law and should be dismissed.

## RECOMMENDATION

It is recommended that Plaintiff's action be dismissed, with prejudice, as legally frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[2]

Signed in Baton Rouge, Louisiana, on April 24, 2017.

                                              *Erin Wilder-Doomes*
                                              **ERIN WILDER-DOOMES**
                                              **UNITED STATES MAGISTRATE JUDGE**

---

> On 3-1-15 the inmates on D-1 cellblock was not geting Kool-Aid with there meal and all so we was not geting Jello with our last meal[.] [W]e was not geting nothing at all[.] [T]he inmates on Beaver 1-2 and 3-4 and 5 was geting Kool-Aid and Jello with there meal[.] [N]ow in D.O.C. Ruld they say that ever inmates get a full course meal[.] [W]e was geting warter with our meal[.] Mrs Been is the Dietician on D-1 Compond diner hall … I would like the Court to see to it that we geting Kool-Aid and Jello with our meal and a full course meal.

2      Plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."